G. BERGER BIRCH, Appellant, v. CAMERON MACHINE COMPANY, Respondent.— The motion is referred to the court that rendered the decision on the appeal. [See *ante*, p. 830.] Present — Lazansky, P. J., Hagarty, Davis, Johnston and

Close, JJ. Motion for reargument granted, and on reargument the order denying plaintiff's motion for summary judgment under Civil Practice Rule 113 in the sum of $3,568.22, and granting the motion in the sum of $995.94, conceded by the defendant to be due, and judgment entered thereon, are modified by granting judgment in the amount of $2,264.50, and as thus modified unanimously affirmed, without costs. We adhere to the prior determination that the item of $23,500 is to be deemed income paid in 1929 and that the tax should be computed accordingly. We have concluded that a computation on the interpretation of the engagements of the parties, which we adopt, may be made on this record, as the items which go to make up the base upon which computation is to be made are not in dispute, although the extracting of such items is attended with some difficulty. We have taken $50,500, being the item of $27,000, due for 1929, and the discounted item for 1931, paid in 1929 in the amount of $23,500, as if it was the sole income of the plaintiff for 1929. From that amount we have deducted $4,116.87, being a personal exemption of $3,500, and a similar item of $616.87. We have also deducted the difference between the losses of $19,943.32 incurred in 1929 and income of $11,264.43 from other sources, which results in a net loss of $8,678.89. This net loss is a fortuitous advantage accruing to the benefit of the defendant. We deduct it, and this makes a total deduction of $12,795.76 from the base of what was to be deemed, under the contract, the sole net income of $50,500. This gives a net amount of $37,704.24 upon which to compute the 1929 income tax. A computation upon this base was agreed to be $2,264.50. The agreement of the parties that the tax liability shall be computed as though the income received under the terms of the contract were the " sole income " contemplated that the defendant should pay taxes in such an amount that the items of principal to be paid to the plaintiff should be net and exclusive of deduction for income tax, with those payments computed so as to keep them as much as possible in the lower income tax brackets. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.